## HOLMES *vs.* CHADBOURNE & AL.

In *Stat*. 1821. *ch.* 67, requiring the insertion of the names of bail in the margin of the execution, applies to bail taken by the gaoler, after commitment on mesne process, as well as to bail taken by the officer who served the writ.

When a debtor, committed on mesne process, is enlarged on bond before the return day, the condition should be for his appearance at Court, and not for his remaining within the debtor's limits.

THIS was a *scire facias* against the defendants as the bail of one *Hodgdon*. It was alleged in the writ that the original debtor being arrested on mesne process and committed to prison *Aug.* 9, 1822, the defendants six days afterwards became bail for his appearance at Court ; that judgment was rendered against him in due course of law, and that execution was regularly issued, and delivered on the same day to a deputy sheriff ; that the debtor avoided ; and that the officer returned the execution at the return day, certifying thereon that he could find neither the body nor property of the debtor. But it was not stated that the bail had been notified by the officer, nor that he had the execution in his hands thirty days before the return day, as provided in the *Stat.* 1821, *ch.* 67.

The defendants pleaded *first*, that they never became bail ;—*secondly*, that the officer did not notify the bail fifteen days before the expiration of the execution ; and *thirdly*, that he did not certify on the execution that it had been in his hands during thirty days next preceding the return day. To the *second* plea the plaintiff replied that the defendants never gave bail to the officer upon the writ, the debtor having been committed by him to prison for want of bail ; nor was any bail bond returned to the clerk's office, so that the clerk could insert the names of the bail in the margin of the execution. To which the defendant demurred because it was a departure from the declaration.

To the *third* plea the plaintiff demurred, because it contained no averment that the defendants gave bail to the officer who served the writ, and that they were so entered of record ;—nor that the same officer returned the bail bond to the clerk ;—nor that the clerk entered the names of the bail and their residence on the margin of the execution.

*N. Emery* and *H. Holmes* for the plaintiff, being called upon by the Court to support the demurrer to the third plea, said that they considered the case as not touched by *Stat.* 1821, *ch.* 67, regulating bail ; and therefore as standing upon general law. The statute, requiring the officer to return the bail bond *with* the writ, can apply only to bonds taken by *that* officer, and not to those taken by the gaoler after a commitment for want of bail. *Stevens v. Bigelow* 12 *Mass.* 434. The present is one of the cases for which the legislature has not thought it expedient to make special provision, but has left it under the operation of 23. *H.* 6. *c.* 10. which is part of our common law. The cases of writs served by constables and coroners, where bail is given to the sheriff after commitment, are of similar character; in which, as the officer who served the writ has no control of the bond, it is impossible for him to return it. And the reason does not apply to these cases; for where the bail have given bond to the gaoler, they can always know to whom the principal is to be surrendered, and therefore suffer no damage. The general language therefore of the statute, which directs that the names of the bail shall

be written by the clerk in the margin of the execution, that they may be notified by the officer, must be taken with reference to those cases only in which the bond, having been taken by the officer who served the writ, is returned by him to the clerk.

If the provision which requires that the sheriff should certify that he has had the execution in his hands thirty days before the return day is applicable to this case, it is sufficiently apparent from the declaration that such was the fact.

*J.* and *E. Shepley,* on the other side, relied on the general and express provisions of the statute, which, they contended, rendered bail chargeable in no case, unless the bond was returned with the writ, and the bail duly notified. After commitment, they insisted, no bail could be taken for appearance at Court; but only a bond for the liberties of the prison. This bond, therefore, not being authorized by statute, no *scire-facias* lies upon it. The remedy is at common law. And at common law the bond is void, being given for ease and favor.

MELLEN C. J. delivered the opinion of the Court as follows.

Several questions might be raised upon the pleadings in this case, but the decision of the cause in favor of the defendants upon either of the pleas in bar will entitle them to judgment. Without particularly examining the merits of the second plea, we are satisfied that the third contains matter sufficient in law to bar the action, and that the causes of demurrer are of no importance. The language of the 2d *sec.* of the statute of 1821, *ch.* 67, is peremptory. It declares that "no return of *non est inven-* " *tus* made by any officer on any execution shall be considered as " evidence of the debtor's avoidance, so that the bail may be ren- " dered liable on *scire facias,* unless such officer shall certify on " such execution that he has had the same in his hands at least " thirty days before the expiration thereof." The third plea, in the language of the act, denies that there was any such certificate indorsed on the execution against *Hodgdon*—and the demurrer admits the truth of the plea, if well pleaded. We consider the causes of demurrer assigned as having no connection with this

plea, whatever connection they may have with the second; for although the bail bond was not returned, still the declaration avers that bail was duly taken; and though the names of the bail were not inserted in the margin of the execution, still these circumstances could not excuse his omission to make the certificate by law required, if the fact would warrant it; if he could not make the certificate with truth, it was the plaintiff's own fault in not placing the execution in his hands in due season;—if he could, he may be answerable to the plaintiff for the neglect, and the damages thereby occasioned. We therefore consider the third plea good and sufficient. As to the second we give no opinion.

The plaintiff considers the new and special provisions of the statute of 1821 as inapplicable to the present case, in as much as *Hodgdon* was committed to prison six days before the bail bond was given; and that in its language it has reference only to those cases where bail is taken before commitment, because the first section requires the bond to be returned to court, with the original writ, by the officer who served it; whereas the bail bond after commitment may not be taken till the return day is past, and then it cannot be so returned. Still, as the provisions of the act were introduced for the benefit and protection of the bail, and to guard them against any improper management on the part of a creditor with a view to implicate them; we are inclined to give a liberal construction and apply the provisions in the same manner in both classes of cases, because the reason, equity and design of those provisions are the same in both.

The plaintiff in his writ has treated the defendants as bail duly taken; and they have not placed their defence upon a denial of that fact in either of the special pleas in bar, but claim the protection which the statute of 1821 has provided for them as such ; if they are not bail according to law, then the plaintiff has no right to the present process of *scire facias* against them; and if they are, then they must be so considered throughout. In this light we consider them, and accordingly they are entitled to judgment for their costs.